UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID STOCKMAN,

        Petitioner,

v.                                                                    Case. No. 2:10-cv-14860
                                                              Honorable Lawrence P. Zatkoff
MARY BERGHUIS,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR ORAL ARGUMENT, MOTION TO APPOINT
COUNSEL, AND MOTION FOR ENLARGEMENT OF TIME</u>**

        This is a habeas case filed by a Michigan state prisoner under 28 U.S.C. § 2254. Petitioner John David Stockman has filed the following Motions: "Motion for Oral Argument" [dkt. # 16], "Motion to Appoint Counsel" [dkt. 17], and "Motion for Enlargement of Time" [dkt. # 18]. For the reasons stated below, the Court will deny the Motions.

I. Motion for Oral Argument

        First, Petitioner requests oral argument because he believes his Habeas Petition raises interesting issues such that they require oral argument so the Court may benefit and the interests of justice are served. Although courts do not typically grant oral argument when a party is in custody, a court has discretion to do so. See E.D. Mich. L.R. 7.1(f)(1).

        In this case, Respondent's Answer and the Rule 5 materials were filed on June 27, 2011, and June 29, 2011, respectively. The Court has not yet had an opportunity to review those documents. If after reviewing those materials, as well as any Responsive filings from

Petitioner, the Court believes oral argument would be beneficial, then it will be scheduled. However, it would be premature to schedule oral argument at this time. Accordingly, the Court will deny the Motion for Oral Argument Without Prejudice. No additional Motions need to be filed with respect to this issue.

## II.  Motion to Appoint Counsel

Second, Petitioner has requested the appointment of counsel to assist him with his Petition. However, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, then the appointment of counsel in a habeas case remains discretionary. *Id.*

Additionally, counsel may be appointed, in exceptional cases, for a prisoner appearing

pro se in a habeas action. *Lemeshko*, 325 F.Supp.2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting pro se in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, Petitioner has filed a seventy-two-page Petition. Petitioner also has attached numerous exhibits to his Petition. He also has been able to file these Motions, as well as a previous Motion. He therefore has the means and ability to present his claims to the Court.

Furthermore, until the Court is able to review the Respondent's Answer and the Rule 5 materials, the Court is unable to determine whether counsel is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Motion to Appoint Counsel will be denied without prejudice. Petitioner's Motion will be reconsidered if, after the Court reviews the responsive pleadings and the Rule 5 materials the Court determines that appointment of counsel is necessary, then counsel will be appointed. No further Motions need to be filed with respect to this issue.

### III.  Motion for Enlargement of Time

In his final Motion before the Court, Petitioner has filed a Motion for Enlargement of Time, which the Court construes as a Motion to Expand the Record or for Discovery.

Petitioner is requesting that he be permitted to file the child interviews and video tapes

3

conducted by Child Protective Services. In essence, the Court finds that Petitioner is seeking discovery.

"Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "for good cause." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted)).

At this time, Petitioner has neither shown the need for production of these interviews or tapes nor has he shown how they would support his habeas claims. His Motion, therefore, will be denied without prejudice.

## IV.  ORDER

Accordingly, it is ORDERED that Petitioner's "Motion for Oral Argument" [dkt. # 16] is DENIED WITHOUT PREJUDICE.

It is further ORDERED that Petitioner's "Motion to Appoint Counsel" [dkt. # 17] is DENIED WITHOUT PREJUDICE.

It is further ORDERED that Petitioner's "Motion for Enlargement of Time" [dkt. # 18] is DENIED WITHOUT PREJUDICE.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: January 18, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 18, 2012.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290